UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DEAN TUSZYNSKI,

                            Plaintiff,

                 v.                                    9:11-CV-0584
                                                              (GLS/DEP)

ONONDAGA COUNTY; NORTON, Sgt.,
Onondaga County Sheriff's Department;
HOUSE, Sheriff Deputy, Onondaga County
Sheriff's Department; KEVIN E. WALSH,
Sheriff, Onondaga County Sheriff's Department;
JANICE T. WROBEL, RN, Onondaga County
Justice Center,

                            Defendants.
_____

**APPEARANCES**

DEAN TUSZYNSKI
11-B-1761
Five Points Correctional Facility
Caller Box 119
Romulus, New York 14541
Plaintiff, *pro se*

GARY L. SHARPE
Chief United States District Judge

## MEMORANDUM-DECISION AND ORDER

**I.**    **Introduction**

      By Memorandum-Decision and Order of this Court, *pro se* plaintiff Dean Tuszynski was afforded the opportunity to file an amended complaint demonstrating the timeliness of his claims if he wished to proceed with this action. Dkt. No. 8 (the "August Order").

      Tuszynski duly filed an amendment to his complaint in which he sets forth the

facts he relies upon to demonstrate the timely filing of this action. Dkt. No. 13.

**II.    Discussion**

Tuszynski asserts claims for the violation of his constitutional rights arising from the alleged use of excessive force during his arrest in October, 2005, and the lack of proper medical care for the injuries inflicted during the arrest by medical staff at the Onondaga County Justice Center. *See* Dkt. No. 1 at 4-7. Tuszynski signed his complaint on May 1, 2011. *Id*. at 8.

The applicable statute of limitations for an action brought in New York pursuant to 42 U.S.C. § 1983 is three years. *See* Dkt. No. 8 at 5. Accordingly, the three year limitations period for section 1983 claims in this action commenced on May 1, 2008.[1] As discussed in the August Order, because Tuszynski's claims accrued at the time of the misconduct complained of, this action is time-barred unless the limitations period was tolled. *Id*. at 5-6.

"In § 1983 claims filed in New York, federal courts are required to apply the New York rule for tolling the statute of limitations." *Carmichael v. Hobbs,* 371 Fed. Appx. 155, 155 (2d Cir. 2010) (citations omitted). New York has codified a number of statutory tolling provisions. *Venticinque v. Brown*, No. 09-CV-2861, 2010 WL 1486449, at *2 (E.D.N.Y. Apr. 14, 2010). In addition to statutory tolling, New York law recognizes the doctrines of equitable tolling and equitable estoppel, which can overcome a statute of limitations defense if "the plaintiff was induced by fraud, misrepresentations or deception

---

[1] "[I]n determining when the statute begins to run, the 'proper focus is on the time of the [wrongful] act, not the point at which the consequences of the act become painful.'" *Covington v. City of New York*, 916 F.Supp. 282, 285 (S.D.N.Y. 1996) (citations omitted).

to refrain from filing a timely action." *Abbas v. Dixon*, 480 F.3d 636, 642 (2d Cir. 2007) (citation omitted). The doctrine of equitable tolling may be invoked in "rare and exceptional" cases to defeat a defense that an action was not timely filed. *Id.*; *see Gonzalez v. Hasty*, 651 F.3d 318, 322 (2d Cir. 2011) ("Equitable tolling is an extraordinary measure that applies only when plaintiff is *prevented from filing* despite exercising that level of diligence which could reasonably be expected in the circumstances.") (citation omitted).[2] The plaintiff bears the burden of establishing equitable tolling. *Id.*

Construed liberally, Tuszynski invokes both the statutory tolling provision of New York CPLR § 205(a) and the doctrine of equitable tolling in support of his claim that this action was timely filed due to the circumstances under which a prior state court action seeking redress on the claims asserted herein was dismissed. *See* Dkt. No. 13. According to Tuszynski, he timely filed that action – *Tuszynski v. Onondaga County Sheriff's Dept.*, Index No. 2006-5753 (Sup. Ct., Onon. Cty.) – in the New York Supreme Court on August 30, 2006. On October 28, 2009, the state court action was dismissed because a trial note of issue had not been served and filed within the time period set by the court. *See* Dkt. No. 1-1 at 1 (*Tuszynski v. Onondaga County Sheriff's Dept.*, Index No. 2006-5753 (Sup. Ct., Onon. Cty. Oct. 28, 2009) (Order of Karalunas, J.S.C. dismissing complaint).

Tuszynski states that he did not consider the state court action to be trial ready

---

[2] The Second Circuit held in *Gonzalez* that the statute of limitations is tolled "while a prisoner completes the mandatory exhaustion process." *Gonzalez*, 651 F.3d at 324 (citation omitted).

3

because defendants had not obtained the medical examination of him that they had requested, and concluded that he could not properly file a trial note of issue. Dkt. No. 13 at 5-6. Tuszynski contends that he was misled by the defendants and penalized for their failure to obtain a medical examination. *Id*. at 6-7. According to Tuszynski, "[i]t was not the Plaintiff's own lack of due diligence that caused him to wait to file the Note of Issue but it was the Defendant's lack of diligence in acquiring the medical examination and/or submitting to the court a physician's report that led to the delay in the proceedings." *Id*. Tuszynski does not claim to have appealed the dismissal of his state court action or to have sought other relief from the trial court. Further, Tuszynski offers no explanation for the fact that eighteen months elapsed between the dismissal of his state court action and the commencement of this proceeding.

Among the statutory tolling provisions codified in New York is CPLR § 205(a), which provides, subject to certain stated exceptions, that if an action is timely commenced but thereafter terminated, a plaintiff may bring a new action on the same claims within six months.[3] Here, because this action was not commenced within six

---

[3] The statute provides as follows:

New action by plaintiff. If an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a failure to obtain personal jurisdiction over the defendant, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff, . . . , may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months after the termination provided that the new action would have been timely commenced at the time of commencement of the prior action and that service upon defendant is effected within such six-month period. Where a dismissal is one for neglect to prosecute the action made pursuant to rule thirty-two hundred sixteen of this chapter or otherwise, the judge shall set forth on the record the

(continued...)

months of the dismissal of Tuszynski's state court action, CPLR § 205(a) does not afford any basis upon which this Court could conclude that his claims are not time-barred.

The Court also finds that Tuszynski has not demonstrated that he was prevented from timely filing this action "despite exercising that level of diligence which could reasonably be expected in the circumstances" such that the limitations period should be equitable tolled. *See Gonzalez*, 651 F.3d at 322. Whether or not Tuszynski was misled or deceived regarding his obligation and/or ability to file a trial note of issue in state court, he does not make any claim that defendants misled or deceived him regarding the filing of this action. If a plaintiff cannot "articulate[ ] any acts by defendants that prevented [him] from timely commencing suit" then he has "failed to meet [his] burden of showing that [he was] wrongfully induced by defendants not to commence suit." *Abbas*, 480 F.3d at 642. Moreover, Tuszynski has not made any showing that he "acted with reasonable diligence" during the time period he seeks to have tolled. *See Abbas*, 480 F.3d at 642.

Furthermore, insofar as Tuszynski may be understood to claim that the dismissal of his state court action in October, 2009 operated to "restart" the limitations period such that the filing of his complaint in this action less than three years later was timely, that argument is without merit. *See, e.g., Grosz v. Museum of Modern Art*, 772 F.Supp.2d 473, 489 (S.D.N.Y. 2010) (finding that plaintiff's cause of action accrued on July 20, 2005, and rejecting argument that defendant's action taken182 days later to seek an

---

[3](...continued)
specific conduct constituting the neglect, which conduct shall demonstrate a
general pattern of delay in proceeding with the litigation.

NY CPLR § 205(a).

outside opinion regarding the disputed property caused the claim to "unaccrue and restart the limitations clock at Day One."), *aff'd*, 403 Fed. Appx. 575 (2d Cir. 2010), *cert. denied*, 132 S.Ct. 102 (2011); *Abbas*, 480 F.3d at 641 (the discretionary reconsideration and reversal of a disciplinary decision does not restart the statute of limitations unless a new hearing is ordered and new evidence is received); *see also Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (rejecting argument that the limitations period for filing habeas corpus petitions pursuant to 28 U.S.C. § 2254 was "reset" when the state court denied collateral relief, and noting that "[i]f the one-year period began anew ..., then state prisoners could extend or manipulate the deadline for federal habeas review by filing additional petitions in state court."). As the *Groz* court stated in its opinion denying plaintiff's motion for reconsideration and for leave to file an amended complaint, "[t]hat, of course, is not the way statutes of limitations work." *Groz*, 772 F.Supp.2d at 499.

For the reasons set forth above, the Court finds that Tuszynski has failed to demonstrate that this action was timely filed. This action is therefore dismissed in accordance with 28 U.S.C. § 1915(e)(2)(B). *See Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir.1995) (a district court's determination that a complaint is frivolous may be based on an affirmative defense, such as a statute of limitations, that is apparent from the face of the complaint); *Saferstein v. Rein*, 75 Fed. Appx. 864 (2d Cir. 2003) (dismissal of complaint as time-barred "is best construed as a dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) for lacking an arguable basis in law or fact.").

### III.  Conclusion

Wherefore, it is hereby

ORDERED that the complaint in this action is dismissed as time-barred, *see* 28 U.S.C. § 1915(e)(2)(B); and it is further

ORDERED that the Clerk of the Court serve a copy of this Decision and Order on Tuszynski.

**IT IS SO ORDERED.**

Dated: March 23, 2012
      Albany, New York

_____
Gary L. Sharpe
Chief Judge
U.S. District Court